IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L. GLASSEL | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. 4:17-CV-553 |
| | § | |
| OCWEN LOAN SERVICING, LLC | § | |
| Defendant | § | |

### INTERVENOR-PLAINTIFF/DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT BASED ON THE PLEADINGS

Intervenor-Plaintiff/Defendant, Deutsche Bank National Trust Company, as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-7, Asset-Backed Certificates, Series 2006-7 ("**Trustee**"), files this Motion for Summary Judgment and Motion for Judgment Based on the Pleadings on all claims of David L. Glassel ("**Glassel**"), all intervenor claims and all third-party claims and would respectfully show unto the Court as follows:

### INTRODUCTION

1.      This matter relates to a Texas Home Equity Loan in default that is past due for the October 1, 2012 payment and all subsequent payments.  Glassel commenced this action by filing Plaintiff's Original Petition to Quiet Title and Request for Temporary Restraining Order against Ocwen Loan Servicing, LLC ("**Ocwen**") in order to stall foreclosure proceedings.[1]  Ocwen promptly removed the claim to this Court.[2]

2.      Trustee filed its Complaint in Intervention against Glassel and its Third-Party Complaint ("**Trustee's Complaint**") against Third-Party Defendants, the United States of America, Department of the Treasury ("**USA**"), Internal Revenue Service ("**IRS**"), Mustang

---

[1]    See Exhibit B-1 of the Notice of Removal, Doc. No. 1.
[2]    Notice of Removal, Doc. No. 1.

Power Systems ("**Mustang**") and Melinda Poole ("**Poole**"), all of whom have liens junior to Trustee.[3]  Trustee filed its Complaint in Intervention and Third-Party Complaint in order to proceed with judicial foreclosure in this matter.

3.     Subsequently, Glassel filed his Plaintiff's Amended Complaint ("**Glassel's Complaint**") asserting claims that Trustee violated certain provisions of the Texas Constitution, is barred from foreclosing due to limitations and that Glassel is entitled to a declaratory judgment that Trustee's lien cannot be enforced, all lien claims are void, interest is forfeited and Trustee's interest are time barred.[4]

4.     Trustee is entitled to a judgment for judicial foreclosure and a declaration that Trustee's interest is in the secured property at issue in this matter and is superior to USA, IRS, Poole and Mustang.

5.     Glassel's claims are unsupported by any valid legal or evidentiary basis and should be dismissed with prejudice.  Trustee now moves for summary judgment and judgment on the pleadings in favor of all of Trustee's claims asserted and seeks the dismissal of all claims of Glassel against Trustee.

## FACTUAL BACKGROUND

6.     On June 9, 2006, Glassel signed a Texas Home Equity Security Note (the "**Note**") in the principal amount of $204,000.00 in favor of the original lender Long Beach Mortgage Company ("**Long Beach**").[5]  On the same date, Glassel signed a Texas Home Equity Security Instrument as recorded in the real property records of Montgomery County, Texas as Instrument No. 2006-073760 (the "**Deed of Trust**") confirming that the loan is secured by real property

---

[3]   Trustee's Complaint, Doc. No. 29.  The Third-Party Defendants have made appearances in this lawsuit, see Doc. No.'s 38, 39 and 41.
[4]   Glassel's Complaint, Doc. No. 21.
[5]   Exhibit 1-A.

2

located at 2119 Old Ox Road, Spring, Texas 77386 which is more particularly described in the

Deed of Trust as:

> **LOT SIXTY-FIVE (65), BLOCK THREE (3), SECTION ONE (1), SPRING FOREST SUBDIVISION, LOCATED IN THE MONTGOMERY COUNTY SCHOOL LAND SURVEY, ABSTRACT NO. 351, ACCORDING TO THE MAP OR RECORD IN VOLUME 7, PAGE 379, MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.**

(the "**Property**").[6]  The Note, Deed of Trust and other loan documents are hereinafter referred to

as (the "**Loan**").

7.     In addition to the Note and Deed of Trust, Glassel executed a Texas Home Equity

Affidavit and Agreement (the "**Home Equity Affidavit**"), a Settlement Statement, Affidavit of

Receipt of Final HUD, an Affidavit of Facts and Receipt of Documents, a Texas Home Equity

Acknowledgement of Loan Closing Documents Received by Borrowers, a Discount Point

Acknowledgment, and a Texas Home Equity Occupancy Affidavit.[7]

8.     As evidenced by the written Corporate Assignment of Deed of Trust recorded in

the real property records of Montgomery County, Texas as Instrument No. 2013007699

("**Assignment**"), the Deed of Trust was assigned to Trustee and Trustee was and is the mortgagee

at all relevant times.[8]  Trustee is the current record assignee of that lien and is the holder of the

subject Note.[9]  Select Portfolio Servicing, Inc ("**SPS**") is the current mortgage servicer and

attorney-in-fact for Trustee for the subject loan.[10]

9.     Glassel defaulted on his payment obligations under the Note by failing to make the

October 1, 2012 Loan payment and all subsequent payments.[11]

---

[6]   Exhibit 1-B.
[7]   Exhibit 1-C, D, E, F, G, H and I.
[8]   Exhibit 1-J.
[9]   Exhibits 1, 1-A and 1-J.
[10]  Exhibit 1-K.
[11]  Exhibit 1.

10.     On May 19, 2015, at a time when Glassel was in default on his contractual loan obligations, Trustee, through SPS, sent Notice of Default to Glassel.[12]

11.     On or about November 30, 2015, at a time when Glassel remained in default, Trustee through counsel sent Glassel a Notice of Acceleration of Loan Maturity.[13] Glassel remains in default on his contractual obligations under the Loan and is past due for the October 1, 2012 loan payment and all subsequent payments.[14] The amount required to reinstate the Loan through March 1, 2018 was $156,074.47.[15] The accelerated loan balance due under the Loan as of March 1, 2018 was $325,464.89.[16]

12.     Two parties won judgments against Glassel in civil courts and subsequently filed liens against Glassel's real property in Montgomery County.  Poole filed an abstract of judgment against Glassel on March 9, 2010 as document number 2010018672 in the Official Public Records of Montgomery County.[17] Mustang filed an abstract of judgment against Glassel on November 4, 2011 as document number 2011098542 in the Official Public Records of Montgomery County, Texas.[18] Poole and Mustang's liens are subsequent and therefore subordinate to Trustee's lien. Poole and Mustang are named in order for Trustee to obtain a declaratory judgment that Trustee's lien is superior, prior and senior to that of Poole and Mustang.

13.     Glassel also has fallen delinquent on his Federal Tax obligations to the United States Government.  The IRS recorded a Notice of Federal Tax Lien ("**NFTL**") on November 7, 2013 in the Official Public Records of Montgomery County, Texas.[19] Because the NFTL was

---

[12]   Exhibit 1-L.
[13]   Exhibit 1-M.
[14]   Exhibit 1.
[15]   Exhibit 1-N.
[16]   Exhibit 1-O.
[17]   Exhibit 2.
[18]   Exhibit 3.
[19]   Exhibit 4.

4

recorded after Trustee's lien interest, the IRS's lien is a subordinate lien on the Property. USA and the IRS are named in this lawsuit as necessary parties and in their capacity as junior lienholders pursuant to 28 U.S.C. section 2410.

14.     All conditions precedent to foreclosure have been satisfied. Trustee has and will show that it is entitled to declaratory relief authorizing foreclosure and/or judicial foreclosure.

## SUMMARY JUDGMENT EVIDENCE

15.     Trustee attaches the following summary judgment evidence which is attached hereto and incorporated herein by reference.

Exhibit 1     Declaration of Sherry Benight of Select Portfolio Servicing, Inc. as servicer and attorney in fact for Defendant and exhibits thereto which include the following:

1-A     Note dated June 9, 2006;

1-B     Deed of Trust as recorded in the Official Real Property Records of Montgomery County, Texas as Instrument No. 2006-073760;

1-C     Home Equity Affidavit;

1-D     Settlement Statement;

1-E     Affidavit of Receipt of Final HUD;

1-F     Affidavit of Facts and Receipt of Documents;

1-G     Texas Home Equity Acknowledgment of Loan Closing Documents Received by Borrower;

1-H     Discount Point Acknowledgment;

1-I     Texas Home Equity Occupancy Affidavit;

1-J     Corporate Assignment of the Deed of Trust from FDIC to Trustee as recorded in the real property records of Montgomery County, Texas as Document No. 2013007699;

1-K     Limited Power of Attorney appointing SPS as attorney-in-fact in connection with the Loan for Trustee;

5

1-L    Notice of Default sent on or about May 19, 2015;

1-M    Notice of Acceleration of Loan Maturity sent on or about November 30, 2015;

1-N    Reinstatement Quote;

1-O    Payoff Quote;

Exhibit 2    Abstract of Judgment recorded by Melinda Poole on March 9, 2010;

Exhibit 3    Abstract of Judgment recorded by Mustang Power Systems on November 4, 2011;

Exhibit 4    Notice of Federal Tax Lien recorded on November 18, 2013; and

Exhibit 5    Non-Military Affidavit.

## ARGUMENT AND AUTHORITIES

**A.    Legal Standards.**

*(i)    Motion for Summary Judgment.*

16.    Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden at trial.[20]  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[21]

17.    For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[22]  The moving party, however, need not negate the elements of the non-movant's case.[23]

---

[20]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

[21]    Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[22]    *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[23]    *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

6

The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[24]

18.     If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[25] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[26]

19.     In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.[27] A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.[28] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[29] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[30] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[31] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[32]

20.     The Court is not required to accept the non-movant's conclusory allegations,

---

[24]   *Duffy v. Leading Edge Prod., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

[25]   *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

[26]   *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (internal citations omitted).

[27]   *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[28]   *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

[29]   *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002).

[30]   *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[31]   *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[32]   *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)).

7

speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.[33] Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[34] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[35]

### (ii)     Motion for Judgment on the Pleadings.

21.     A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial.[36] Under Federal Rule of Civil Procedure 12(c), when standing is challenged on the basis of the pleadings, the court must "accept all material allegations of the complaint and construe the complaint in favor of the complaining party.  A motion under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  The Court must limit its inquiry to facts stated in the complaint and documents either attached to or incorporated into the complaint."[37] Thus, the "[f]actual allegations must be enough to raise a right of relief above the speculative level."[38]

### B.     Trustee is entitled to a judgment for its breach of contract claims.

22.     Glassel has failed to comply with his obligations under the Note and Deed of Trust.

23.     To recover for a breach of contract, Trustee must show (1) the existence of a valid

---

[33]   *Id.* (citing *Reaves Brokerage Co.*, 336 F.3d at 413).

[34]   Fed. R. Civ. P. 56(e); *Love v. Nat'l Med. Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[35]   *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

[36]   *Mahlin v. U.S. Bank Nat'l Ass'n*, No. 3-11-CV-0342-M-BD, 2012 WL 2193666, at *1 (N.D. Tex. May 16, 2012), report and recommendation adopted at 2012 WL 2250142 (N.D. Tex. June 15, 2012), citing *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[37]   *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561 (S.D. Tex. 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013) (internal quotations and citations omitted).

[38]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

8

contract; (2) performance or tendered performance by Trustee; (3) breach of the contract by Glassel and (4) damages to Trustee resulting from that breach.[39]

24.     Glassel has defaulted under the contractual terms of the Note by failing to make the obligated payments under the Note.  Even after receipt of the Notice of Default and Notice of Acceleration, Glassel failed to cure the default at issue in this matter.

25.     Glassel is liable for default and summary judgment should be granted for same.

**C.     Trustee is entitled declaration of its right to foreclose on the Property and to a judgment for judicial foreclosure.**

26.     Trustee is entitled to an order for judicial foreclosure.  "When, as in this case, the security instrument in a home-equity loan contains a power of sale provision, the lender has a choice of remedies."[40]  Under these circumstances, the lender may (1) choose to file a claim for judicial foreclosure, (2) file a claim for foreclosure as a counterclaim in a suit initiated by the borrower, or (3) pursue a non-judicial foreclosure, or "Expedited Foreclosure Proceeding" based on the power of sale in the security instrument.[41]

27.     To foreclose under a home equity security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) proper notice of default and acceleration.[42]

---

[39]    *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ), *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ).
[40]    *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 434 (Tex. App. 2015).
[41]    Tex. R. Civ. P. 735.3 and Tex. R. Civ. P. 736.
[42]    Tex. Prop. Code Ann. § 51.002 (West).

28.     Trustee has established its standing to foreclose via the Assignment and equally by virtue of its status as holder of the Note.[43]  Trustee is the mortgagee as defined by Texas Property Code §51.0001(4).[44]

29.     Trustee is entitled to foreclose on the Property because Glassel remains in default and Trustee has complied with all prerequisites to foreclosure.   The summary judgment evidence establishes that:

      (a)     a debt exists;[45]

      (b)     the debt is secured by a lien created under Tex. Const. art. XVI, §50a(6) for a home equity loan;[46]

      (c)     a default under the Deed of Trust exists;[47]

      (d)     the requisite notices to cure the default under the Deed of Trust, Tex. Prop. Code §51.002 and other applicable law have been provided;[48] and

      (e)     Glassel is not a member of the National Guard or United States Military and has not applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940.[49]

30.     As previously discussed, Glassel signed the Note in the principal amount of $204,000.00 in favor of the original lender Long Beach.[50]  On the same date, Glassel signed the Deed of Trust as recorded in the real property records of Montgomery County, Texas as Instrument No. 2006-073760 confirming that the loan is secured by the Property.[51]

---

[43]   Exhibit 1, 1-A, and 1-J.
[44]   Exhibit 1, 1-A, and 1-J.
[45]   Exhibit 1, 1-A and 1-B.
[46]   Exhibit 1, 1-A and 1-B.
[47]   Exhibit 1.
[48]   Exhibits 1, 1-L and 1-M.
[49]   Exhibit 5.
[50]   Exhibit 1-A.
[51]   Exhibit 1-B.

20060161.20170545/2819143.1

31.     As evidenced by the Assignment recorded in the real property records of Montgomery County, Texas as Instrument No. 2013007699, the Deed of Trust was assigned to Trustee and Trustee was and is the mortgagee at all relevant times.[52]  Trustee is the current record assignee of that lien and is the holder of the subject Note.[53]  SPS is the current mortgage servicer and attorney-in-fact for Trustee for the subject loan.[54]

32.     Glassel defaulted on his payment obligations under the Note by failing to make the October 1, 2012 Loan payment and all subsequent payments.[55]

33.     On May 19, 2015, at a time when Glassel was in default on his contractual loan obligations, Trustee, through SPS, sent Notice of Default to Glassel.[56]

34.     On or about November 30, 2015, at a time when Glassel remained in default, Trustee through counsel sent Glassel a Notice of Acceleration of Loan Maturity.[57]  Glassel remains in default on his contractual obligations under the Loan and is past due for the October 1, 2012 loan payment and all subsequent payments.[58]  The amount required to reinstate the Loan through March 1, 2018 was $156,074.47.[59]  The accelerated loan balance due under the Loan as of March 1, 2018 was $325,464.89.[60]

35.     Pursuant to the terms and conditions of the Note, the entire unpaid balance under the Note is now due and payable, and under the terms of the Deed of Trust and applicable law,

---

[52]   Exhibit 1-J.
[53]   Exhibits 1, 1-A and 1-J.
[54]   Exhibit 1-K.
[55]   Exhibit 1.
[56]   Exhibit 1-L.
[57]   Exhibit 1-M.
[58]   Exhibit 1.
[59]   Exhibit 1-N.
[60]   Exhibit 1-O.

Trustee is entitled to judicial foreclosure as a matter of law.[61]   Glassel is not currently on active duty in any branch of the military.[62]

> **D.      Trustee is entitled to a judgment for equitable subrogation.**

36.      Upon the closing of the Loan Agreement, some of the loan proceeds were used to pay off prior debts that were secured by the Property.   Prior lienholder, Aegis Funding Corporation was paid off in the amount of $151,458.92 and past due taxes in the amount of $19,470.60 were paid to Montgomery County.[63]   Aegis Funding Corporation and Montgomery County were secured creditors whose debts were secured by the Property.

37.      The debt owed to Aegis Funding Corporation was a valid and existing loan secured by priority liens on the Property at  the time Glassel obtained the Loan Agreement from Long Beach.  This debt, had it not been  paid by Long Beach, would still remain as a priority lien against the Property.   Pursuant to the doctrine of equitable subrogation,  Trustee, as successor in interest to Aegis Funding Corporation, stands in the shoes of any prior secured  creditors and acquired their respective lien interests in the Property.

38.      Glassel breached his obligation to tender full and timely payment to Trustee. As a  result, Trustee accelerated the amount of the debt owed.    Despite written demand, Glassel failed to tender payment for the amount due under the Note.   Trustee seeks a judgment that it is equitably subrogated to all amounts paid to other creditors  on behalf of Glassel after his default.

---

[61]    Exhibit 1.
[62]    Exhibit 5.
[63]    Exhibit 1-D.

12

E.     **Glassel fails to allege or come forward with competent evidence supporting any claim based on allegations that there were violations of the Texas Constitution.**

39.     Without asserting any specific factual allegations, Glassel claims that Trustee or the original lender failed to comply with §§50(a)(6)(E), (C), (H), (K), (D), (F), (J), (L), and (Q)(i), (ii), (iv), (v) and (vi) of the Texas Constitution.[64] Glassel has failed to put forth any evidence that supports these claims.

40.     Trustee has established that it is entitled to an order for judicial foreclosure because the summary judgment evidence establishes its right to do so under Texas Property Code § 51.002. To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Ar. XVI, § 50(a)(6) of the Texas Constitution; (3) Glassel is in default under the note and security instrument; and (4) Glassel received notice of the default and acceleration.[65]

41.     It is or should be undisputed that Trustee has established all of the above elements in its Motion for Summary Judgment.  Glassel references no applicable conditions precedent to foreclosure that have not been met by Trustee.  For example, there is no argument or evidence by Glassel that Trustee failed to provide proper notice of default or notice of acceleration and no denial that Glassel is in default on his payment obligations.  Glassel has not challenged any elements required to proceed with foreclosure with any evidence.

42.     Although Glassel has provided no evidence to support his allegations of Constitutional violations, there is evidence to the contrary, if necessary.

---

[64]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21.
[65]   Tex. Prop. Code Ann. § 51.002.  *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd,* 583 F. App'x 306 (5th Cir. 2014).

43.     Glassel alleges violations of §50(a)(6)(E), which states that it does not require the owner or the owner's spouse to pay, in addition to any interest or any bona fide discount points used to buy down the interest rate, any fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, two percent of the original principal amount of the extension of credit, excluding fees for: (i) an appraisal performed by a third party appraiser; (ii) a property survey performed by a state registered or licensed surveyor; (iii) a state base premium for a mortgagee policy of title insurance with endorsements established in accordance with state law; or (iv) a title examination report if its cost is less than the state base premium for a mortgagee policy of title insurance without endorsements established in accordance with state law.[66]   According to Glassel's own statements under oath, Trustee's predecessor did not violate §50(a)(6)(E) of the Texas Constitution.[67]

44.     Glassel further alleges violations of §50(a)(6)(C), which states that the Loan is without recourse for personal liability against each owner and the spouse of each owner, unless the owner or spouse obtained the extension of credit by actual fraud.[68]   However, the loan documents executed by Glassel contradict his claims for such violations.[69]

45.     Glassel further alleges violations of §50(a)(6)(H), which states that the Loan is not secured by any additional real or personal property other than the homestead.[70]   Once again, the loan documents and Glassel's own sworn statements contradict his allegations.[71]

46.     Glassel further alleges violations of §50(a)(6)(K), which states that the Loan is the only debt secured by the homestead at the time the extension of credit was made unless the other debt

---

[66]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(E) of the Texas Constitution.
[67]   Exhibit 1-H.
[68]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(C) of the Texas Constitution.
[69]   Exhibits 1-A, pg. 4, ¶ 8 and 1-B, pg. 6, ¶ 23; 1-C, pg. 4.
[70]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(H) of the Texas Constitution.
[71]   Exhibits 1-B, pg. 2, 1-C, pg. 2, 1-D, 1-F,  and 1-I.

14

was made for a purpose described by Subsections (a)(1)-(a)(5) or Subsection (a)(8) of this section.[72] Glassel's own sworn statements contradict his allegations.[73]

47.     Glassel further alleges violations of §50(a)(6)(D), which states that the Loan is secured by a lien that may be foreclosed upon only by a court order.[74]   Glassel's loan documents contradict his allegations.[75]

48.     Glassel further alleges violations of §50(a)(6)(F), which states that the Loan is not a form of open-end account that may be debited from time to time or under which credit may be extended from time to time unless the open-end account is a home equity line of credit.[76]  The loan documents and Glassel's own sworn statements contradict this claim.[77]

49.     Glassel further alleges violations of §50(a)(6)(J), which states that the Loan  may not be accelerated because of a decrease in the market value of the homestead or because of the owner's default under other indebtedness not secured by a prior valid encumbrance against the homestead.[78] The loan documents contradict this claim.[79]

50.     Glassel further alleges violations of §50(a)(6)(L), which states that the Loan is scheduled to be repaid: (i) in substantially equal successive periodic installments, not more often than every 14 days and not less often than monthly, beginning no later than two months from the date the extension of credit is made, each of which equals or exceeds the amount of accrued interest as of the

---

[72]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(K) of the Texas Constitution.
[73]   Exhibit 1-C, pg. 3, ¶ I.
[74]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(D) of the Texas Constitution.
[75]   Exhibit 1-B, pg. 6, ¶ 20.
[76]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(F) of the Texas Constitution.
[77]   Exhibits 1-A, pg. 1; 1-C, pg. 4, ¶ X.
[78]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(J) of the Texas Constitution.
[79]   Exhibit 1-A, pg. 2, ¶ (C).

date of the scheduled installment; or (ii) if the extension of credit is a home equity line of credit, in periodic payments described under Subsection (t)(8).[80]  The loan documents contradict this claim.[81]

51.     Glassel further alleges violations of §50(a)(6)(Q)(i), (ii), (iv), (v) and (vi)), which states that the Loan is made on the condition that: (i) the owner of the homestead is not required to apply the proceeds of the extension of credit to repay another debt except debt secured by the homestead or debt to another lender; (ii) the owner of the homestead not assign wages as security for the extension of credit; (iv) the owner of the homestead not sign a confession of judgment or power of attorney to the lender or to a third person to confess judgment or to appear for the owner in a judicial proceeding; (v) at the time the extension of credit is made, the owner of the homestead shall receive a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit; and (vi) the security instruments securing the extension of credit contain a disclosure that the extension of credit is the type of credit defined by Subsection (a)(6).[82]  The loan documents and Glassel's own sworn statements contradict this claim.[83]

52.     Glassel has failed to put forth any evidence that supports any of these claims.

F.     **Glassel's allegations that Trustee is barred from proceeding with foreclosure due to limitations fails as a matter of law and Glassel fails to allege or come forward with competent evidence supporting this claim.**

53.     Although Glassel fails to present any factual basis for his claims, Glassel claims that Trustee is barred from proceeding with obtaining a judicial foreclosure order based on limitations.[84]

---

[80]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(L) of the Texas Constitution.
[81]   Exhibit 1-A, pg. 1, ¶ 3.
[82]   Plaintiff's Amended Complaint, ¶ 12.  Doc. No. 21; Ar. XVI, § 50(a)(6)(Q) of the Texas Constitution.
[83]   Exhibits 1-B; 1-C, pg. 3, 1-E, 1-F, and 1-G.
[84]   Plaintiff's Amended Complaint, ¶¶ 14-17.  Doc. No. 21

16

54.     A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.[85]  When this four-year statute of limitations expires, the real-property lien and the power of sale to enforce the lien become void.[86]  If "a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last ... installment."[87]  Section 16.035 modifies the general rule that a claim accrues and limitations begin to run on each installment when it becomes due.[88]

55.     If a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note.  Rather, the action accrues only when the holder actually exercises its option to accelerate.[89]

56.     Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration.[90]  Both notices must be "clear and unequivocal."[91]  Even when a note holder has accelerated a note upon default, the holder can abandon acceleration.[92]

57.     It is undisputed that a Notice of Default containing an intent to accelerate was sent to Glassel on or about May 19, 2015 and that the payment obligations under the Note were

---

[85]  Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (b) (West 2002).
[86]  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d) (West).
[87]  *Id.* § 16.035(e).
[88]  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).
[89]  *Id.* citing *Hammann v. H.J. McMullen & Co.*, 122 Tex. 476, 62 S.W.2d 59, 61 (1933); *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex. Civ. App. 1939), *writ refused.*
[90]  *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex.1991); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982).
[91]  *Shumway*, 801 S.W.2d at 893.
[92]  *City Nat'l Bank v. Pope,* 260 S.W. 903, 905 (Tex.Civ.App.—San Antonio 1924, no writ); *San Antonio Real Estate Bldg. & Loan Ass'n v. Stewart*, 94 Tex. 441, 61 S.W. 386, 388 (1901) (explaining that the parties' agreement or actions can "have the effect of obviating the default and restoring the contract to its original condition as if it had not been broken"); *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App. 1974) (explaining that an option to accelerate may be withdrawn or revoked after it is exercised by the note holder, effectively restoring the note's original maturity date).

17

accelerated on November 30, 2015.[93]  The Notice of Acceleration of Loan Maturity of November

30, 2015 is well within the four year statute of limitations applicable in this matter.

58.     Glassel has not brought forth any evidence and has no legal argument to support a

statute of limitations argument in this action.

**G.      Glassel's claim for Declaratory Judgment fails as a matter of law.**

59.     Glassel claims that he is entitled to a declaratory judgment regarding constitutional

violations, limitations, that the Trustee cannot foreclose, that Trustee's lien is void, and that the

principal and interest associated with the Note is void.

60.     To be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists "a substantial

and continuing controversy between the two adverse parties."[94]

61.     The Act "does not create a substantive cause of action" and "is merely a vehicle

that allows a party to obtain an early adjudication of an actual controversy arising under other

substantive law."[95]  It is an authorization, not a command, and gives federal courts broad, but "not

unfettered," discretion to grant or refuse declaratory judgment.[96]

62.     "A declaratory judgment claim cannot stand alone; instead the 'Texas Uniform

Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights

---

[93]   Exhibits 1-L and 1-M.
[94]   *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 673 (W.D. Tex. 2013), *aff'd,* 571 F. App'x 270 (5th Cir. 2014)
       citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).
[95]   *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. CIV.A. 3:08-CV-1658-, 2009 WL 3075205, at *19 (N.D.
       Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted).
[96]   *Id.*

18

or causes of action.'"[97] "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive."[98]

63.     A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action.[99] Because Plaintiff has not alleged any viable causes of action, its declaratory judgment claim should be dismissed.[100]

64.     Since there are no sufficient allegations or evidence to support any claim, there is no justiciable controversy and there is no basis for any declaratory relief sought by Glassel.

**H.     Glassel is not entitled to an accounting or damages.**

65.     Glassel cannot establish damages, nor any requirement for an accounting, because it failed to plead any claim upon which relief may be granted.  Accordingly, Glassel is not entitled to damages.

<u>**CONCLUSION AND PRAYER**</u>

66.     For these reasons, Trustee is entitled to its right to a judicial foreclosure on the Property.  There are no facts alleged that are sufficient to establish the claims asserted by Glassel and no evidence sufficient to establish the essential elements of Glassel's claims.  As such all claims of Glassel against Trustee should be dismissed

---

[97]   *Davis v. Silver State Fin. Servs.*, No. CIV.A. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (internal citation omitted)).
[98]   *Id.* (citations omitted).
[99]   *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170–71 (5th Cir. 1990) (describing the federal declaratory judgment act as remedial only).
[100]  *E.g., Davis v. Bank of America*, No. 3:11-CV-3276-B, 2012 WL 7679452, at *4 (N.D. Tex. July 6, 2012); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012), *report and recommendation adopted*, No. 4:11-CV-375, 2012 WL 629433 (E.D. Tex. Feb. 27, 2012), *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626–27 (N.D. Tex. 2011).

19

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully moves the Court to grant summary judgment in favor of Trustee on all its claims and for dismissal of all claims against Trustee as well as for such other relief to which Trustee may show itself to be entitled.

Respectfully submitted,

By:  /s/ Michael F. Hord Jr.
       Michael F. Hord Jr.
       Texas State Bar No. 00784294
       Eric C. Mettenbrink
       Texas State Bar No. 24043819
       HIRSCH & WESTHEIMER, P.C.
       1415 Louisiana, 36th Floor
       Houston, Texas 77002
       Tel 713-220-9182 / Fax 713-223-9319
       Email: mhord@hirschwest.com
       Email: emettenbrink@hirschwest.com
**ATTORNEYS FOR TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March 2018, a true and correct copy of the foregoing and/or attached was served on each attorney of record or pro se party as follows:

Larry A. Vick, Attorney at Law
10497 Town & Country Way, Suite 700
Houston, Texas 77024
**Via ECF**

Mark D. Cronenwett
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
**Via ECF**

Mark D. Cronenwett
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
**Via ECF**

Mary M. Markantonis
Dean G. Pappas Law Firm PLLC
818 Town & Country Blvd., Suite 400
Houston, TX 77024
**Via ECF**

Melinda Poole, Pro Se
66 Summer Crest Cir.
The Woodlands, TX 77381
**Via CM-RRR No. 7196 9008 9111 7436 7427**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20