Case 4:17-cv-00553 Document 69 Filed on 03/27/19 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L GLASSEL, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-553 |
| | § § § | |
| OCWEN LOAN SERVICING, LLC, *et al*, | § | |
| Defendants. | | |

## ORDER

Before the Court are Intervenor-Plaintiff/Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment and Motion for Judgment Based on the Pleadings (Doc. #44), Plaintiff's Response (Doc. #49), and Deutsche Bank National Trust Company's Reply (Doc. #52). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Deutsche Bank National Trust Company's Motion for Summary Judgment.

### I. Background

On June 9, 2006, Plaintiff David Glassel executed a Texas Home Equity Note (the "Note") with Long Beach Mortgage Company ("Long Beach") for the property located at 2119 Old Ox Road, Spring, Texas 77386 (the "Property"). Doc. #44, Ex. 1-A.[1] On the same day, Plaintiff also

---

[1] Plaintiff objects to the Declaration of Select Portfolio Servicing, Inc. signed by Sherry Benight and the exhibits attached thereto based on various reasons, including lack of proper verification of third-party records, conclusory statements, and unauthenticated hearsay. Doc. #49 at ¶¶ 16–22. However, the assignees of contracts and notes are able to prove up the business records of their assignors. *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980). Deutsche Bank National Trust Company has properly proven up the loan documents attached to the declaration. Accordingly, Plaintiff's objections to the Declaration of Select Portfolio Servicing, Inc. signed by Sherry Benight and the exhibits attached thereto are hereby OVERRULED.

executed a Texas Home Equity Security Instrument (the "Deed of Trust") for the Property with Long Beach. *Id.*, Ex. 1-B. Plaintiff also executed other loan documents related to the Note and Deed of Trust. *See id.*, Ex. 1-C to 1-I. Subsequently, Long Beach assigned (the "Assignment") the Deed of Trust and Note to Deutsche Bank National Trust Company ("Deutsche Bank"). *Id.*, Ex. 1-J. Importantly, the Note and Deed of Trust both permit acceleration of the required loan payments following a default. *See id.*, Ex. 1-A at ¶ 6(C) and Ex. 1-B at ¶ 20. The Deed of Trust also contains a "Power of Sale" clause. *Id.*, Ex. 1-B at ¶ 21.

As Plaintiff concedes, he "was unable to make his monthly mortgage payments and made no payments on the [Deed of Trust and Note] since" mid-2012. Doc. #21 at ¶ 11. Deutsche Bank submits that Plaintiff failed to make the October 1, 2012 payment under the Note and all subsequent payments. Doc. #44, Ex. 1 at ¶ 13. As a result, on May 19, 2015, Deutsche Bank—through its loan servicer Select Portfolio Servicing, Inc.—sent a Notice of Default to Plaintiff. *Id.*, Ex. 1-L. Then on November 30, 2015, Deutsche Bank sent a Notice of Acceleration of Loan Maturity. *Id.*, Ex. 1-M.

Separately, two Abstracts of Judgment were recorded against Plaintiff and the Property. *See* Ex. 2 (Melinda Poole filed an abstract on March 9, 2010) and Ex. 3 (Mustang Power Systems filed an abstract on November 4, 2011). Also, a Notice of Federal Tax Lien was recorded against Plaintiff and the Property. *See* Ex. 4 (Internal Revenue Service filed the lien on November 18, 2013).

Now, Deutsche Bank moves for summary judgment and judgment based on the pleadings on its breach of contract claim, request for an order of foreclosure on the Property, and request for a declaration of lien priority against Melinda Poole, Mustang Power Systems, and the Internal Revenue Service. Doc. #44. In response, Plaintiff argues that Deutsche Bank's claims are time-

barred and that any debt owed by Plaintiff under the Note and Deed of Trust was discharged in Chapter 7 Bankruptcy in Case No. 12-37253 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Doc. #49.[2]

## II. Legal Standard

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [Courts must construe] all facts and inferences in the light most favorable to the nonmoving party. But, summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (internal citations omitted).

### b. Breach of Contract

Under Texas law, "[t]o prevail on [a] breach of contract claim, [the claimant has] to prove that: (1) a valid contract existed; (2) the [claimant] performed; (3) the defendant did not; and (4) the defendant's breach caused [claimant] injury." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016).

### c. Order for Foreclosure

Texas Rule of Civil Procedure 736 "provides the procedure for obtaining a court order to

---

[2] Deutsche Bank moved for summary judgment on Plaintiff's allegations that Deutsche Bank violated certain provisions under the Texas Constitution and Texas Property Code regarding the extension of credit. *See* Doc. #21 at ¶ 12; Doc. #44 at ¶ 39–52. Plaintiff has failed to provide any evidence supporting such allegations in his Response. *See* Doc. #49. Accordingly, the Court grants summary judgment in favor of Deutsche Bank as to those allegations. Furthermore, Plaintiff has abandoned his accounting claim. *See* Doc. #49. Accordingly, the Court grants summary judgment in favor of Deutsche Bank as to that claim.

3

allow foreclosure of a lien containing a power of sale in the security instrument, including a lien securing a home equity loan. Thus, a home-equity lender, who has contracted for the right of non-judicial foreclosure under a power of sale provision, may choose to pursue the special procedure found in Rule 736 to obtain an order allowing it to proceed with a non-judicial foreclosure under the Texas Property Code. After an order under Rule 736 is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed." *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 432–33 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting applicable Texas rules and statutes) (cleaned up).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [debtor is] in default under the note and security instrument; and (4) [debtor] received notice of default and acceleration." *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014) (citing Tex. Prop. Code Ann. § 51.002 (West Supp. 2019)). Previously perfected property lien interests, such as a recorded deed of trust, are superior to lien interests arising from later recorded abstracts of judgment and federal tax liens. *See* Tex. Prop. Code Ann. §§ 13.002 and 52.001; *see also W. Nat. Bank v. United States*, 8 F.3d 253, 255 (5th Cir. 1993).

### III. Analysis

In his Response to Deutsche Bank's motion, Plaintiff argues that any debt that was owed to Deutsche Bank under the Note or Deed of Trust was discharged in Chapter 7 Bankruptcy in Case No. 12-37253 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Doc. #49 at ¶¶ 24 and 27. But Plaintiff fails to cite any legal authority supporting his argument and generally refers to a document titled "Discharge of Debtor." Doc.

4

#49, Ex. B-3.

Furthermore, Plaintiff argues that any right that Deutsche Bank had to foreclose on the Property is time-barred because Deutsche Bank had until March 5, 2017 (*i.e.*, four years after the date of an alleged discharge of the debt), to foreclose. *Id.* at ¶¶ 25–26; Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West Supp. 2019) ("A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."). However, according to Plaintiff, Deutsche Bank sought foreclosure in state court on February 28, 2017. Doc. #49 at ¶¶ 25–26. More importantly, "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Because Deutsche Bank exercised its option to accelerate on November 30, 2015, it has until November 30, 2019, to exercise its foreclosure rights. *See id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a); Doc. #44, Ex. 1-M. Accordingly, Deutsche Bank's right to foreclose on the Property is not time-barred.

Here, a valid contract exists between the parties (*i.e.*, the Note and the Deed of Trust), Deutsche Bank performed, Plaintiff breached by defaulting on his payment obligations as he concedes, and, as a result, Deutsche Bank was damaged. *See* Doc. #21 at ¶ 11; Doc. #44, Ex. 1; *Johnson*, 830 F.3d at 196. Accordingly, because (1) no material fact issue exists regarding the elements of Deutsche Bank's breach of contract claim and (2) Deutsche Bank is entitled to judgment as a matter of law, the Court grants summary judgment as to Deutsche Bank's breach of contract claim.

Furthermore, Deutsche Bank has demonstrated that a debt exists arising from the Note and Deed of Trust, the debt is secured by a lien created under the Texas Constitution, Plaintiff is in default as he concedes, and Plaintiff received notice of default and acceleration. *See* Doc. #21 at ¶ 11; Doc. #44, Ex. 1; *Huston*, 988 F. Supp. 2d at 740. Accordingly, because (1) no material fact issue exists regarding Deutsche Bank's right to foreclose and (2) Deutsche Bank is entitled to foreclose on the Property under the Note and Deed of Trust as a matter of law, the Court grants summary judgment as to Deutsche Bank's right to foreclose on the Property.

### IV. Conclusion

For the foregoing reasons, the Court grants Deutsche Bank's Motion for Summary Judgment (the "Motion"). As to Plaintiff's accounting claim and Deutsche Bank's alleged violations of the Texas Constitution and the Texas Property Code, the Motion is hereby GRANTED, and all of Plaintiff's claims against Deutsche Bank are DISMISSED. As to Deutsche Bank's breach of contract claim, the Motion is hereby GRANTED. As to Deutsche Bank's right to foreclose on the Property, the Motion is hereby GRANTED, and Deutsche Bank is entitled to a judgment for the judicial foreclosure of the Property. As to Plaintiff's limitations affirmative defense, the Motion is hereby GRANTED.

Additionally, the Court finds that

- Melinda Poole filed an abstract of judgment ("Poole's Lien") against Plaintiff and the Property on March 9, 2010, as document number 2010018672 in the Official Public Records of Montgomery County, Texas, and that Deutsche Bank's lien is superior, prior, and senior to Poole's Lien;

- Mustang Power Systems filed an abstract of judgment ("Mustang Power Systems' Lien") against Plaintiff and the Property on November 4, 2011, as document number 2011098542 in the Official Public Records of Montgomery County, Texas, and that Deutsche Bank's lien is superior, prior, and senior to Mustang Power Systems' Lien; and

- the Internal Revenue Service filed a Notice of Federal Tax Lien against Plaintiff

6

and the Property on November 18, 2013, in the Official Public Records of Montgomery County, Texas, and that Deutsche Banks' lien is superior, prior, and senior to that Federal Tax Lien.

It is so ORDERED.

MAR 27 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge