United States District Court
Southern District of Texas
**ENTERED**
March 27, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L GLASSEL, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-553 |
| | § § | |
| OCWEN LOAN SERVICING, LLC, *et al*, | § | |
| Defendants. | | |

**ORDER**

Before the Court are Defendant Ocwen Loan Servicing, LLC's Motion for Summary Judgment (the "Motion") (Doc. #45), Plaintiff's Response (Doc. #50), and Defendant's Reply (Doc. #53). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.

**I.      Background**

On August 22, 2006, Plaintiff David Glassel executed a promissory note (the "Note") with GreenPoint Mortgage Funding, Inc. ("GreenPoint") for the property located at 2123 Old Ox Road, Spring, Texas 77386 (the "Property"). Doc. #45, Ex. A-1.[1]  On the same day, Plaintiff also

---

[1] Plaintiff objects to the Declaration of Michelle McLean, the Declaration of Mark D. Cronenwett, and the exhibits attached thereto based on various reasons, including lack of proper verification of third-party records, conclusory statements, and unauthenticated hearsay. Doc. #50 at ¶¶ 16–24. However, the assignees of contracts and notes are able to prove up the business records of their assignors. *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980). Defendant Ocwen Loan Servicing, LLC—as loan servicer for assignee Deutsche Bank National Trust Company—has properly proven up the loan documents attached to the declarations. Doc. #45, Ex. A and Ex. A-3. Accordingly, Plaintiff's objections to the Declaration of Michelle McLean, the Declaration of Mark D. Cronenwett, and the exhibits attached thereto are hereby OVERRULED.

executed a Deed of Trust with GreenPoint for the Property. *Id.*, Ex. A-2. Defendant Ocwen Loan Servicing, LLC ("Ocwen") services the Note and Deed of Trust for Deutsche Bank National Trust Company, the assignee, owner, and holder of the Note and Deed of Trust. *Id.*, Ex. A at ¶ 5–8 and Ex. A-3. Importantly, the Note and Deed of Trust both permit acceleration of the required loan payments following a default. *See id.*, Ex. A-1 at ¶ 6(C) and Ex. A-2 at ¶ 22.

As Plaintiff concedes, he "was unable to make his monthly mortgage payments and made no payments on the [Deed of Trust and Note] since" mid-2012. Doc. #21 at ¶ 11. Some point thereafter, Ocwen initiated foreclosure proceedings. Doc. #45 at 5. In response to the proceedings, Plaintiff initiated this action, arguing that Ocwen violated Plaintiff's rights under the Texas Constitution's and Texas Property Code's provisions related to homestead exemptions, that Ocwen's right to foreclose is time-barred, and that Plaintiff is owed an accounting.[2] *See* Doc. #21. Now, Ocwen moves for summary judgment on all three of Plaintiff's arguments. *See* Doc. #45.

II.  **Legal Standard**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [Courts must construe] all facts and inferences in the light most favorable to the nonmoving party. But, summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (internal citations omitted).

---

[2] Plaintiff has abandoned his accounting claim. Doc. #50 at 11. Accordingly, the Court grants summary judgment in favor of Ocwen as to that claim.

2

### III. Analysis

In response to Ocwen's foreclosure proceedings on the Property, Plaintiff alleges that Ocwen violated Plaintiff's rights under the Texas Constitution's and Texas Property Code's provisions related to homestead exemptions. *See* Doc. #21 at ¶¶ 12–13. Specifically, Plaintiff relies on loan documents and filings from loans predating the Note and Deed of Trust to demonstrate that the Property is his homestead. Doc. #50 at ¶¶ 27–31. However, by executing the Deed of Trust, Plaintiff "disclaim[ed] all homestead rights, interests and exemptions related to the Property." Doc. #45, Ex. A-2 at ¶ 27. Therefore, even if Plaintiff had on a prior date designated the Property as his homestead as he contends, Plaintiff's subsequent actions evinced an abandonment of that homestead designation. *See Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 591 (Tex. App.—Austin 2013, pet. denied) (holding that plaintiff borrower "abandoned any homestead rights in the [p]roperty at the time of the loan agreement"). Therefore, because the Property is not Plaintiff's homestead, the Texas Constitution's and Texas Property Code's provisions related to homestead exemptions that Plaintiff alleges were violated by Ocwen are inapplicable. *See* Doc. #21 at ¶¶ 12–13. Accordingly, because no material fact issue exists and Ocwen is entitled to judgment as a matter of law, the Court grants the Motion as to Plaintiff's claims related to the Texas Constitution and Texas Property Code.

Furthermore, Plaintiff argues that any right Ocwen had to foreclose on the Property is time-barred because Ocwen had until March 5, 2017 (*i.e.*, four years after the date of an alleged discharge of the debt), to foreclose.[3] Doc. #50 at ¶¶ 32–34; Tex. Civ. Prac. & Rem. Code Ann.

---

[3] Plaintiff argues that any debt that was owed under the Note or Deed of Trust was discharged in bankruptcy in Case No. 12-37253 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Doc. #50 at ¶¶ 32–34. But Plaintiff fails to cite any legal authority supporting his argument and generally refers to a document titled "Discharge of Debtor." Doc. #50, Ex. B-3.

§ 16.035(a) (West Supp. 2019) ("A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."). However, according to Plaintiff, Ocwen sought foreclosure in state court on February 6, 2017. Doc. #50 at ¶¶ 32–34. More importantly, "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). If the holder never exercises its option to accelerate, the limitations period commences on the maturity date of the final payment. *Id.* Here, there is no evidence properly before the Court that Ocwen attempted to exercise acceleration under the Note or Deed of Trust. Therefore, the limitations period would begin on the maturity date of the loan (*i.e.*, September 1, 2036). *See* Doc. #45, Ex. A-1 at ¶ 3. Accordingly, Ocwen's right to foreclose on the Property is not time-barred.

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion. As to Plaintiff's accounting claim and Ocwen's alleged violations of the Texas Constitution and the Texas Property Code, the Motion is hereby GRANTED, and all of Plaintiff's claims against Ocwen are DISMISSED. As to Plaintiff's limitations affirmative defense, the Motion is hereby GRANTED.

It is so ORDERED.

MAR 27 2019

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4